The opinion of the court' was delivered by
Gibson, C. J.
It would be little creditable to the administration of the law, were exceptions like the present to prevail. A. party lies by with his objection while a statement is filed in a cause perhaps proper for a declaration, and goes to trial befcrp arbitrators, trusting to his chance of an- award on that state of the pleadings: does not this amount to an agreement to waive exceptions, just as the acceptance of a short plea is a waiver of a plea in form? This principle of waiver was recognised in Sauerman v. Weckerly, at Philadelphia, in December last, (Ante, 116,) where it was held, that going to trial without plea or issue, and on a declaration containing blank spaces for dates and sums, was sufficient from which to imply an agreement to try on the merits. The defendant might have liad the pleadings set right in' the court below, and it is too late to object here, that a declaration ought to have been filed, or that the statement is informal. It is, however, by no means clear, that the statement was not the proper medium of setting forth the cause of action. A recognisance, with a condition for the payment of money, is in substance an obligation; and the condition here was a very simple one, to pay a liquidated sum on the happening of a particular event.- I am satisfied our construction of the statement act has hitherto been too narrow. It is a remedial law, and to be construed liberally in advancement of the remedy. But the statement here is defective in omitting the date of the recognisance, that being a circumstance specially directed to. be stated,- by the terms of. the act. Bpt this, like other formal'defects, is cured by the award, which is equivalent to a verdict. > When a title appears on the pleadings, no matter how informally, an objection afier verdict must not prevail. Judgment affirmed,